DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MELISSA McCULLOUGH,** individually, and
**McCULLOUGH LAW GROUP, P.A.,**
Appellants,

v.

**KELLY KUBIAK,** individually, and
**MERLIN LAW GROUP, P.A.,**
Appellees.

No. 4D13-4048

[February 18, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Eileen M. O'Connor, Judge; L.T. Case No. 13001660 04.

Melissa K. McCullough of McCullough Law Group, P.A., South Daytona, for appellants.

Michael J. McGirney and Bruce Bellingham of Spector Gadon & Rosen P.C., St. Petersburg, for appellees.

GERBER, J.

The plaintiffs appeal from the circuit court's order dismissing with prejudice their actions for defamation, negligent supervision, and negligent retention, and granting the defendants' motion for sanctions under section 57.105, Florida Statutes (2013). The plaintiffs argue that the court primarily erred in three respects: (1) finding that the absolute privilege extending to statements published in the course of judicial proceedings barred the plaintiffs' defamation actions; (2) dismissing the plaintiffs' negligence actions based on the dismissal of the plaintiffs' defamation actions; and (3) finding that the plaintiffs should be sanctioned under section 57.105. We conclude that only the plaintiffs' third argument has merit. Therefore, we affirm the order dismissing with prejudice the plaintiffs' actions for defamation, negligent supervision, and negligent retention, and we reverse the order granting the defendants' motion for sanctions under section 57.105.

On the plaintiffs' first argument, we agree with the circuit court that the absolute privilege extending to statements published in the course of judicial proceedings barred the plaintiffs' defamation actions. According to the complaint, defendant Kubiak, during a deposition of a non-party witness, and as part of an attempt to "scar[e] the insurance company into settlement," allegedly made various statements disparaging the plaintiffs' litigation practices in similar cases. Because such alleged statements were made during the course of a judicial proceeding and allegedly bore some relation to settlement negotiations in that proceeding, the statements were absolutely privileged. *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) ("[A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . , so long as the act has some relation to the proceeding."); *Sussman v. Damian*, 355 So. 2d 809, 811 (Fla. 3d DCA 1977) ("This privilege extends to the taking of a deposition or to conversations between opposing counsel in a pending civil action in which the attorney represents one of the parties involved.") (citations omitted); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1276 (11th Cir. 2004) ("[E]vents taking place outside the courtroom during discovery or settlement discussions are no less an integral part of the judicial process, and thus deserving of the protection of the [litigation] privilege, than in-court proceedings.") (citation omitted).

We distinguish this case from *DelMonico v. Traynor*, 116 So. 3d 1205 (Fla. 2013), in which our supreme court held that the absolute privilege for alleged defamatory statements made in the course of a judicial proceeding does not extend to the "narrow scenario" where statements are made by an attorney during ex-parte, out-of-court questioning of a potential, nonparty witness while investigating matters connected to a pending lawsuit. *Id.* at 1208. The court reasoned:

> [T]he purpose of absolute immunity is not advanced by protecting a lawyer who is defaming a party to a witness outside of a proceeding at a time when both parties are not present and do not have an opportunity to be heard.

*Id.* at 1208-09 (citation and internal quotation marks omitted). That "narrow scenario" and the concern which it presents do not exist here.

On the plaintiffs' second argument, we conclude that the circuit court's proper dismissal of the plaintiffs' defamation actions based on absolute privilege also bars the plaintiffs' negligence actions for the same reason. *See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d

2

380, 384 (Fla. 2007) ("The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin.").

On the plaintiffs' third argument, we conclude the circuit court erred in finding that the plaintiffs should be sanctioned under section 57.105. We recognize the circuit court found, pursuant to section 57.105(1)(b), that the plaintiffs knew or should have known that their claims when presented to the court were "not supported by the application of then-existing law," namely *Levin.* However, the circuit court did not address section 57.105(3)(a), Florida Statutes (2013), which provides:

> Notwithstanding subsections (1) and (2), monetary sanctions may not be awarded:
>
> (a) Under paragraph (1)(b) if the court determines that the claim or defense was initially presented to the court as a *good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.*

§ 57.105(3)(a), Fla. Stat. (2013) (emphasis added).

Here, we conclude that the plaintiffs' claim was presented as a good faith argument for the establishment of new law, with a reasonable expectation of success. We reach this conclusion because, only one month after the plaintiffs filed their actions, our supreme court issued *DelMonico.* In *DelMonico*, the plaintiffs' defamation action, when initially filed, also was "not supported by the application of then-existing law," namely *Levin.* However, the plaintiffs' defamation action in *DelMonico* ultimately established new law by recognizing a "narrow scenario" to which the absolute privilege did not apply. We view the plaintiffs' action here as merely another case in which allegedly defamed parties sought to establish a "narrow scenario" to which the absolute privilege did not apply.

Based on the foregoing, we affirm the order dismissing with prejudice the plaintiffs' actions for defamation, negligent supervision, and negligent retention, and we reverse the order granting the defendants' motion for sanctions under section 57.105.

*Affirmed in part, reversed in part.*

WARNER and CIKLIN, JJ., concur.

3

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*